UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **JOSEPH WAGGONER** and **CLIFFORD TEFTELLER**, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**VSE CORPORATION**, **XOTECH SOLUTIONS, LLC**, and **WHITE'S PAINT BLAST**, **L.L.C.**,<br><br>Defendants. | Civil Action No. 5:18-cv-58<br><br><br><br>**JURY  TRIAL DEMANDED** |

### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Joseph Waggoner ("Waggoner") and Clifford Tefteller ("Tefteller") (collectively, "Plaintiffs"), on behalf of themselves and all similarly situated individuals, upon personal knowledge of the facts pertaining to themselves and on information and belief as to all other matters, bring this Complaint against Defendants VSE Corporation ("VSE"), XOTech Solutions, LLC ("XOTech"), and White's Paint Blast, L.L.C. ("White's") (collectively "Defendants"), and state as follows:

### INTRODUCTION

1. This is a collective action brought by Plaintiffs on their own behalf and on behalf of all similarly situated current and former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs were non-exempt, hourly-paid employees of Defendants, working under a contract between Defendants and the United States Army ("Army") at the Red River Army Depot ("Red River") in

Texarkana, Texas. Plaintiffs and other similarly situated employees performed their work in order to fulfill Defendants' contractual obligations to the Army, including painting, servicing, and maintaining military vehicles.

2. Defendants subjected their hourly employees at Red River to an illegal policy or practice of failing to pay overtime at the rate of one and one-half times the regular rate of pay for all hours worked over 40 in a workweek. Defendants' illegal policy or practice involved providing Plaintiffs and other similarly situated employees with two 15-minute *unpaid* rest breaks each day. This illegal policy or practice violated the FLSA and its implementing regulations, which provide that rest periods of short duration (from 5 to 20 minutes) **"must be counted as hours worked."** 29 C.F.R. § 785.18 (emphasis added).

3. Defendants illegally failed to count these 15-minute rest breaks as hours worked and did not pay their employees for this time, in violation of the FLSA. Plaintiffs and other similarly situated employees are entitled to payment at their overtime rate of at least one and one-half times their regular rate of pay for each unpaid 15-minute break taken in any workweek where they worked over 40 hours (including the 15-minute breaks).

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

5. This Court has personal jurisdiction over Defendants because both White's and XOTech are incorporated in Texas and all Defendants do business within the State of Texas.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. Waggoner was a non-exempt, hourly-paid employee paid by White's, who worked at Red River from in or around March 2017 until in or around December 2017. His written consent to join this action is attached as Exhibit 1.

8. Tefteller is a non-exempt, hourly-paid employee paid by XOTech, who worked at Red River from on or around August 24, 2015 through the present. His written consent to join this action is attached as Exhibit 2.

9. White's is a Texas limited liability company that contracts with the Army (either directly or as a sub-contractor through another entity) to provide a variety of services at Red River.

10. XOTech is a Texas limited liability company that contracts with the Army (either directly or as a sub-contractor through another entity) to provide a variety of services at Red River.

11. VSE is a Delaware Corporation that contracts with the Army (either directly or as a sub-contractor through another entity) to provide a variety of services at Red River.

## COVERAGE UNDER THE FLSA

12. At all relevant times, Defendants were each an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendants were each an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants were each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiffs and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of

the FLSA, 29 U.S.C. §§ 206-207.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring this action on behalf of themselves and other similarly situated hourly employees who were not paid at least one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

17. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former non-exempt, hourly-paid employees of White's Paint Blast, L.L.C., XOTech Solutions, LLC, and/or VSE Corporation who worked at the Red River Army Depot at any time between April 19, 2015 and the date of judgment ("FLSA Collective").**

18. Plaintiffs seek conditional and final certification of this collective action under 29 U.S.C. § 216(b).

19. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated employees at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in any workweek.

20. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from issuance of Court-supervised notice of this lawsuit and the opportunity to join the lawsuit. Thus, notice should be sent to FLSA collective action members pursuant to 29 U.S.C. § 216(b).

21. The similarly situated employees are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## GENERAL ALLEGATIONS

22. White's is a small business government services contractor located in Texarkana, Texas. It specializes in the disassembly, blast and paint, and reassembly of government and private

sector equipment, systems and vehicles. Since 2006, White's has provided a wide variety of refurbishment services across the Department of Defense, including to the Army at Red River.

23. XOTech is a Service Disabled Veteran Owned Small Business and a government contractor located in Allen, Texas. It provides a variety of services to the Army at Red River, including maintenance, warehouse, and log support.

24. VSE is a government services contractor that contracts with the Army to provide a variety of services to the Army at Red River.

25. On information and belief, VSE contracts with the Army and then subcontracts with other entities, including XOTech and White's, to fulfill its contractual obligations to the Army.

26. On information and belief, certain polices and/or practices of VSE apply to employees paid by contractors or sub-contractors other than VSE with employees working at Red River, including employees paid by White's and XOTech.

27. On information and belief, VSE has the authority to hire and fire (or make recommendations to hire and fire), as well as direct the work of, employees paid by contractors or sub-contractors other than VSE with employees working at Red River, including employees paid by White's and XOTech.

28. As such, VSE is a joint employer of employees paid by contractors or sub-contractors other than VSE with employees working at Red River, including employees paid by White's and XOTech.

29. VSE's policy or practice mandating 15-minute unpaid rest breaks for workers at Red River applies equally to employees of VSE, XOTech, and White's.

30. During their employment, Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

31. During their employment, Plaintiffs routinely worked between fifty (50) and sixty (60) hours in individual workweeks.

32. Defendants suffered or permitted Plaintiffs and other similarly situated employees to work in excess of 40 hours in individual workweeks without paying them overtime at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

33. Specifically, Defendants had a policy or practice of requiring their non-exempt, hourly-paid employees who worked at Red River to take two *unpaid* 15-minute breaks each day. These breaks constitute hours worked under the FLSA. Accordingly, Defendants were required to pay Plaintiffs and other similarly situated employees for this break time. However, they illegally failed to do so.

34. In workweeks where Plaintiffs and other similarly situated employees worked over 40 hours in a workweek (including compensable break time), Defendants are required to pay for all hours over 40, including compensable break time, at a rate of at least one and one-half times the regular rate of pay. However, Defendants did not pay their employees *any* wages for such compensable break time.

35. Defendants implemented this policy or practice uniformly for all their non-exempt, hourly-paid employees at Red River.

36. On information and belief, VSE, as the main contractor at Red River, implemented this illegal policy or practice of requiring unpaid 15-minute meal breaks and mandated that all sub-contractors, including White's and XOTech, also subject their employees to the illegal policy or practice.

37. In or around April 2017, Waggoner met with his supervisor, Brian Turner, who explained to Waggoner and a group of his coworkers that, pursuant to a Depot-wide policy or

practice, Defendants do not pay their employees for 15-minute breaks, but that Waggoner and his coworkers are required to take two unpaid 15-minute breaks each workday. Waggoner signed a paper acknowledging that Mr. Turner had explained this policy or practice to him. Other coworkers, similarly situated employees who also were subject to Defendant' illegal policy or practice, also signed a paper acknowledging their understanding.

38. Waggoner understood, based on his conversations with both Mr. Turner and other coworkers (who were paid by both White's and XOTech), that Defendants' policy or practice of requiring him and others to take two unpaid 15-minute breaks each workday applied to all of Defendants' employees Depot-wide.

39. Tefteller learned of Defendants' policy or practice of requiring him and his co-workers to take two unpaid 15-minute rest breaks each workday in or around May of 2017. He recalls that Defendants' supervisors walked around, informing him and other employees that they are required to take two unpaid 15-minute breaks each day.

40. Tefteller understood that this illegal policy or practice applied to all individuals employed by both XOTech and other contractors, Depot-wide.

41. Defendants also had a policy or practice of not paying Plaintiffs and other similarly situated employees for other overtime hours.

42. When Plaintiffs would work over 40 hours in a workweek, they noticed that their paychecks did not include payment for all hours worked over 40 at the rate of one and one-half times their regular rate of pay.

43. Defendants paid all similarly situated employees at Red River in the same way.

44. All of Defendants' similarly situated employees at Red River have been subject to the illegal policy or practice of being required to take two 15-minute unpaid rest breaks each day.

45. All similarly situated employees have been equally subject to Defendants' policy or practice of failing to pay their hourly employees appropriate overtime for all hours over 40 in a workweek.

46. Defendants were aware or should have been aware of the overtime requirements of the FLSA.

47. Defendants nonetheless suffered or permitted Plaintiffs and other similarly situated employees to take two unpaid 15-minute breaks (hours worked under the FLSA) during each shift, without compensating them for this time.

48. Defendants suffered or permitted Plaintiffs and other similarly situated employees to work over 40 hours in a workweek without compensating them for all hours over 40 in a workweek at one and one-half times their regular rate of pay.

49. Defendants knew, or acted with reckless disregard for whether, Plaintiffs and other similarly situated employees worked in excess of 40 hours in individual workweeks without receiving overtime at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

50. Defendants' failure to pay overtime to Plaintiffs and other similarly situated employees was, and is, a willful violation of the FLSA.

## COUNT I
## FLSA – FAILURE TO PAY OVERTIME WAGES
## (PLAINTIFFS AND FLSA COLLECTIVE)

51. Plaintiffs re-allege and incorporate all previous paragraphs herein.

52. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek.  29 U.S.C. § 207.

53. By failing to pay Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendants violated the FLSA.

54. Defendants did not act in good faith when they engaged in the above-mentioned conduct.

55. By engaging in the above-mentioned conduct Defendants willfully, knowingly, and/or recklessly violated the FLSA.

56. Because of Defendants' policies or practices, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals, pray that this Honorable Court:

    a. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

    b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

    c. Declare that Defendants willfully violated the FLSA as set forth above;

    d. Award Plaintiffs and similarly situated employees actual damages for unpaid wages;

    e. Award Plaintiffs and similarly situated employees liquidated damages in an amount equal to the unpaid wages found due;

    f. Award reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

    g. Award pre- and post-judgment interest to Plaintiffs on these damages; and

    h. Grant such further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all claims asserted in this Complaint.

Dated April 19, 2018

s/ Laura E. Reasons w/permission Claire A. Henry
Laura E. Reasons (Of Counsel)
IL State Bar No. 6293622
**DICELLO LEVITT & CASEY**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Fax: (312) 253-1443
lreasons@dlcfirm.com

Kenneth P. Abbarno (Of Counsel)
OH State Bar No. 0059791
Mark M. Abramowitz (Of Counsel)
OH State Bar No. 0088145
**DICELLO LEVITT & CASEY**
7556 Mentor Ave.
Mentor, Ohio 44060
Telephone: (440) 953-8888
Fax: (440) 953-9138
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Counsel for Plaintiffs*